UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHELE DALESSANDRO,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>  Acting Commissioner of Social Security,<br><br>    Defendant. | CAUSE NO.: 2:20-CV-27-HAB |

**OPINION AND ORDER**

Plaintiff Michele Dalessandro seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff alleges that she has been disabled since May 31, 2014, due to a variety of physical and mental impairments.

**ANALYSIS**

**A.    The ALJ's Decision**

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"); 42 U.S.C. § 1382c(a)(3)(A). To be found disabled, a claimant

must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A); § 1382c(a)(3)(B).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and, if not (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)[1]; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since May 31, 2014, the alleged onset date. At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine status post-fusion, obesity, osteoarthritis, depressive disorder, and anxiety disorder. The ALJ stated that these impairments significantly limit the ability to perform basic work activities. The ALJ also

---

[1] As discussed in *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003), the Act and implementing regulations regarding DIB (contained in Title II of the Act and 20 C.F.R. Pt. 404 of the regulations) and SSI (contained in Title XVI of the Act and 20 C.F.R. Pt. 416 of the regulations) are, for the most part, substantially identical. For convenience, the Court will generally cite herein to only the Title II statutes and regulations.

specifically found that the Plaintiff's obesity more than minimally limits her ability to engage in work activities. The ALJ found that although the Plaintiff had a recent history of intermittent lower left quadrant pain and a colonoscopy revealed diverticulitis, these issues were non-severe as she had not been prescribed treatment other than to follow up with her primary care physician.

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 18.) The ALJ considered listings 1.02 (Major dysfunction of a joint); 1.04 (Disorders of the spine); and 12.04 and 12.06. Although obesity is no longer a listed impairment, the ALJ considered how the claimant's obesity has affected her other impairments and whether those impairments, in combination with the obesity, meet or equal a listing.

Before moving to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except occasionally reaching overhead to the left; occasionally reaching overhead to the right; frequently reach with the left and right in all other directions. The RFC included non-exertional limitations of occasionally climbing ramps and stairs, never climbing ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl. In addition, Plaintiff is able to follow simple, routine tasks, but not at a production rate pace; and occasionally interact with coworkers, supervisors and the general public.

Based on the above RFC and his hypothetical questions to the vocational expert (VE), the ALJ found that Plaintiff has past relevant work experience but is unable to

perform it. The ALJ further found that there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Thus, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act.

**B.     Standard of Review**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion,"

*Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995), but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

C.   **Analysis**

On appeal, Plaintiff argues that the ALJ's analysis of the opinion evidence was legally insufficient and the RFC determination was not supported by substantial evidence. She submits that the ALJ did not properly account for the opinion of the consultative medical examiner and that he gave improper weight to the state agency consultant's opinions. Likewise, she claims that the ALJ failed to properly assess her subjective symptoms. Although Plaintiff raises all these issues, the Court concludes that one is determinative of this appeal.

This Court's review of the record demonstrates that the ALJ failed to provide adequate reasons for accepting the opinions of the state agency physical consultant over the consultative examiner's opinions. The ALJ gave "great weight" to the non-examining consultant because, in his view, the opinions were "wholly consistent" with medical evidence. (R.22). However, what consistent medical evidence the state agency opinion relied upon was not set forth in the Decision. Rather, the ALJ notes that the state agency physical consultant "opined that the claimant was capable of work at the light exertional

5

level with occasionally climbing ladders, ropes, and scaffolds and occasionally balancing, stooping, kneeling, crouching and crawling." (*Id.*). On reconsideration, the state agency physical consultant affirmed this determination. (*Id.*). This lead to the ALJ's determination that while the "claimant has documented medical conditions of spine issues and osteroarthritis…there are numerous indications in the record that following prescribed treatment of injections, ablations, and narcotic pain medication improved the claimant's symptoms to the point allowing her to complete most of her [daily] activities…" (R. 23).

The state agency consultant opinion was in contrast to the opinion of the internal medicine consultative examination by R. Gupta, MD. Dr. Gupta opined that "the claimant is unable to do work related activities such as sitting, standing, walking, lifting, carrying for any length of time, but is able to handle objects." The ALJ provided a summary of Dr. Gupta's examination findings that the claimant had "no anatomic deformities, full strength in the upper extremities, and nearly fully [sic] strength in the lower extremities." (R. 23). The ALJ then concluded that "little weight" should be afforded this opinion "as the medical source statement contradicts the relatively mild findings of the consultative examiner." (*Id.*).

When multiple conflicting opinions are offered about the residual abilities of a claimant, the ALJ is under a duty to resolve conflicts of medical experts in the record. *Golembiewski v. Barnhart,* 322 F.3d 912, 917 (7th Cir.2003). Agency regulations address the evaluation of opinion evidence for claims filed before March 27, 2017. 20 C.F.R. §

404.1527.[2] These regulations provide that in weighing the medical opinions, the ALJ must assess: (1) the examining relationship; (2) treatment relationship; (3) length of the treatment relationship and the frequency of the examination; (4) nature and extent of the treatment relationship; (5) supportability; (6) consistency; (7) specialization; and (8) any other factors brought to the ALJ's attention. Here, the ALJ not only failed to examine these factors but, to the extent he attempted to support them without specifically referencing them, he misrepresented some of the findings made by Dr. Gupta which, in turn, supported Dr. Gupta's opinion.

For instance, the ALJ stated that Dr. Gupta found "full strength" in the upper extremities. Yet, Dr. Gupta's evaluation did not make such a finding. Rather, he noted normal grip strength, followed by what may be a substantial disparity between Plaintiff's right and left hands in the amount of force the claimant could generate. However, the ALJ did not address this disparity or provide any explanation as to why it is or is not significant. Likewise, the ALJ ignored evidence in the record showing that the claimant was "unable to stoop or squat completely. She is unable to walk heel to toe and tandemly…she is able to stand from a sitting position with difficulty." (R. 761). The ALJ further ignored the "spinous and paraspinal tenderness throughout the spine with limited range of motion in lumbar, cervical and thoracic region" set out in Dr. Gupta's findings. (*Id.*). None of this evidence was addressed by the ALJ in determining the weight to be accorded Dr. Gupta's conclusions nor did he provide any explanation whatsoever

---

[2] These regulations were revised on January 18, 2017 and only apply to claims filed with the Agency after March 27, 2017.

for his conclusion that the state agency opinion was "wholly consistent" with the medical evidence in the record.

While the ALJ referred to Dr. Gupta's opinion in the decision, he did no more than simply list observations from the opinion favorable to his conclusion and then disregard them as inconsistent with the State Agency consultant opinions. The ALJ provided no analysis, failed to weigh all the medical findings and (mischaracterized the ones he did rely upon), and provided no discussion of the factors in 20 C.F.R. § 404.1527(c), such as the fact that Dr. Gupta was an examining doctor whereas the state agency consultant was not. There is also no discussion by the ALJ as to whether the medical opinions of either Dr. Gupta or the state agency consultant were consistent with the other examination evidence in the record, the imaging evidence set out in the Decision, or the claimant's subjective reports of her pain and limitations.

The ALJ failed to properly consider all the relevant factors and evidence when assessing the weight of the opinion evidence. Listing evidence does not eliminate an ALJ's duty to provide a complete analysis and discussion to form a logical bridge from the evidence to a conclusion. *Smith v. Astrue*, No. 09 CV 6210, 2011 WL 722539, at *31 (N.D. Ill. Feb. 22, 2011) (noting that "cataloguing" the evidence "is no substitute for analysis or explanation"). Without proper analysis, the Court cannot follow the ALJ's reasoning and determine whether the ALJ properly considered and weighed Dr. Gupta's opinion or that of the state agency consultant. Accordingly, remand is required.

Because the Court is remanding on this ground, it does not address the other challenges Plaintiff raises in this appeal.

## CONCLUSION

For the reasons stated above, the Court REVERSES the Commissioner's decision and REMANDS to the ALJ for further proceedings consistent with this Opinion and Order. The Clerk is directed to enter judgment in favor of the Plaintiff.

SO ORDERED on March 2, 2021.

                                      s/ *Holly A. Brady*
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT